UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOSTON GEORGE GRACE, JR.                                                          PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 1:08CV227-RHW

HARRISON COUNTY ADULT DETENTION CENTER et al                    DEFENDANTS

### SCREENING ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS

This matter comes before the Court for screening pursuant to 28 U.S.C. § 1915A. On June 2, 2008, Plaintiff filed a 42 U.S.C. § 1983 complaint alleging an incident of excessive force that occurred on or before January 28, 2008. The parties have consented to the jurisdiction of the United States Magistrate Judge. The Court conducted a screening hearing on August 20, 2008.

Plaintiff alleges that he was attacked and bitten by a dog during an altercation with Defendant Ricky Foster. Defendant Miller was the K-9 officer who had control over the dog. Plaintiff has alleged an injury resulting from the alleged excessive force. The Court finds that Plaintiff's allegations are sufficient to state a cause of action for excessive force against Defendants Ricky Foster and Ray Miller.

At the screening hearing, Plaintiff expressed his desire to add Officer Havard as a Defendant. Havard was present during the altercation. However, Plaintiff alleges only that Havard placed his foot on the side of Plaintiff's head and pressed it to the floor. Plaintiff does not allege any other conduct on Havard's part. Nor does he allege any injury, de minimis or otherwise, resulting from Havard's conduct. In order to establish a cause of action for excessive force, Plaintiff must demonstrate an injury which resulted directly and only from a use of force

that was clearly excessive.  *See Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).  In this case, Plaintiff has made no such allegation.  Consequently, the Court finds that Plaintiff has failed to state a cause of action against Havard for excessive force.  Plaintiff's request to amend the complaint to add Havard as a defendant is denied.

Plaintiff alleges that Defendant Don Cabana retaliated against him for filing a lawsuit.  To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional right; (2) the defendants intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation.  *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  At the screening hearing, Plaintiff alleged that on August 4, 2008, Defendant Cabana handcuffed Plaintiff and forced him to lie in the yard for three hours for the stated purpose of setting an example for those who file lawsuits.  Plaintiff also alleges that he was stripped of his trustee status and put in lockdown on August 4th as a consequence of filing this lawsuit.  The Court finds that the allegations are sufficient to state a cause of action for retaliation against Cabana and should be allowed to proceed at this time.

Plaintiff alleges that Defendant Bob Chandler, the deputy warden, provided Plaintiff with his second step response in the grievance procedure.  Other than denying Plaintiff's grievance, Plaintiff fails to allege any conduct against Defendant Chandler.  Defendant Chandler's involvement in the grievance proceedings is not sufficient to state a cause of action under the constitution.  A prisoner does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Therefore, the Court finds that Defendant Chandler shall be dismissed as a defendant to this lawsuit.

Plaintiff's allegations of excessive force against Defendants Martin, Chandler, and Cabana should be dismissed.  Regarding Defendant William Martin[1], Plaintiff includes him in the lawsuit merely because Plaintiff wrote a letter to Martin, making him aware of the incident that occurred on January 28, 2008.  Martin's mere knowledge of the incident is insufficient to state a cause of action under the constitution.  In fact, Plaintiff has not alleged any direct personal involvement on the part of any of these Defendants in the incident of excessive force.  At most, they have been sued in their supervisory capacity, which is insufficient to state a cause of action under § 1983.  *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Any claims against these Defendants in their individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates."  *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).  The Court finds that the claims of excessive force against Defendants Martin, Chandler, and Cabana should be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's request to amend his complaint to add Officer Havard as a defendant is DENIED.

IT IS FURTHER ORDERED that Defendants William Martin and Bob Chandler are hereby DISMISSED from this lawsuit for Plaintiff's failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Plaintiff's claims of excessive force against Defendants Ricky Foster and Ray Miller should be allowed to proceed at this time.

IT IS FURTHER ORDERED that Plaintiff's complaint is amended to reflect a claim of

---

[1] Martin is a member of the Harrison County Board of Supervisors.

retaliation against Defendant Don Cabana.  All other claims against Defendant Cabana are dismissed at this time.

      SO ORDERED, this the 29th day of September, 2008.

                                      s/ *Robert H. Walker*
                                      UNITED STATES MAGISTRATE JUDGE